# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 05-69-P-H** |
| | ) | |
| **JONATHAN POLAND,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

The motion to suppress is **DENIED**.

The defendant made three arguments in his written motion to suppress the statements that he made to Special Agents from the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) on April 21, 2004, while in custody en route to Cumberland County Jail:

> a. The statements were the fruits of the illegalities which were set forth in Defendant's Motion to Suppress Statements [of October 11, 2005 (Docket Item 32)] which have been incorporated herein by reference[;]
>
> b. Defendant was not properly informed of his rights as provided in *Miranda*[];
>
> c. The statements were not knowingly, voluntarily and intelligently given.

Mot. to Suppress Statements & Incorporated Mem. of Law at 2 (Docket Item 87).

I have previously ruled against the defendant with respect to argument (a). See Order Affirming Recommended Decision of the Magistrate Judge of April 14, 2006 (Docket Item 69).

With respect to argument (b), based upon the evidentiary hearing conducted July 7, 2006, I find that ATF Special Agent Michael Grasso properly informed the defendant of the rights guaranteed by Miranda v. Arizona, 384 U.S. 436 (1966), before the defendant made any of the statements in question on April 21, 2004.

With respect to argument (c), based upon the same evidentiary hearing, I find that any statements the defendant made to the ATF Special Agents on April 21, 2004, en route to the jail, were voluntary.  The evidence is that the agents initially made only small talk with the defendant during the car ride, conversation not involving the criminal case.[1]  Then the defendant himself volunteered information about the case, without being asked.  Although the agents asked minor follow up questions to clarify particular things the defendant said, there was no threatening, coercion, compulsion or persuasion.  See Colorado v. Connelly, 479 U.S. 157, 167 (1986) ("[C]oercive police activity is a

---

[1] The defendant has not argued that he stood upon his Miranda rights rather than waive them. But even assuming that the defendant had invoked his right to remain silent, these questions did not violate Miranda. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (interrogation in violation of Miranda is "any words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an *incriminating* response . . .") (emphasis added); United States v. *(continued on next page)*

necessary predicate to the finding that a confession is not voluntary . . . .")
(quotation marks omitted); United States v. Genao, 281 F.3d 305, 310 (1st Cir.
2002) (confession not coerced when "police did not apply undue or unusual
pressure to [the defendant], use coercive tactics, or threaten him with violence or
retaliation . . . "); United States v. Vega-Figueroa, 234 F.3d 744, 749 (1st Cir.
2000) (voluntariness of statement depends on "whether the will of the defendant
had been overborne so that the statement was not his free and voluntary act . . .")
(quoting Procunier v. Atchley, 400 U.S. 446, 453 (1971)).

At the hearing, and later, in a post-hearing Memorandum, the defendant
argued that the government had not met its burden of proof to show that his
arrest was legal, and that therefore his post-arrest statements must be
suppressed, citing Whiteley v. Warden, 401 U.S. 560 (1971), and Brown v. Illinois,
422 U.S. 590 (1975). See Mem. in Support of Mot. to Suppress at 1-2 (Docket
Item 96). Whiteley involved an arrest by an officer who did not himself have
probable cause or an arrest warrant; instead he had been informed by radio
bulletin that another officer had obtained a warrant. Id. at 563. Because the
underlying warrant was determined to be invalid and not based on probable
cause, the Supreme Court suppressed the physical evidence seized during the
arrest that relied on that invalid warrant. Id. at 568-69. Here, however, the

---

Ventura, 85 F.3d 708, 711, 712 n.5 (1st Cir. 1996) (quoting Innis and noting that "not all
*(continued on next page)*

defendant's arrest occurred after the issuance of a federal warrant. The defendant has not challenged probable cause for the warrant,[2] but only the government's asserted failure to prove at the hearing that the arrest (made by a Maine state trooper before the ATF Special Agents arrived) was legal. The evidentiary hearing established, however, that ATF Special Agent Christopher Durkin informed the trooper of the warrant's issuance before the trooper made the arrest. In the absence of a specific objection to the underlying federal warrant, under the "fellow officer" rule that information was sufficient to establish probable cause for the state trooper to arrest the defendant. See Whiteley, 401 U.S. at 568 ("Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause."); see also United States v. Meade, 110 F.3d 190,

---

questioning of in-custody suspects constitutes interrogation . . .").

[2] Specifically, the defendant's lawyer stated that he did not challenge probable cause for the warrant's issuance, but rather was making the procedural argument that "[i]t is the government's burden of proof to show that the warrant upon which the arrest of [the defendant] was made, was issued upon a finding of probable cause." Mem. in Support of Motion to Suppress at 1. Thus, in making this argument, the defendant does not actually contest the Magistrate Judge's issuance of the federal arrest warrant and his underlying determination of probable cause. Nor does he contest the underlying affidavit by Special Agent Durkin which supplied the basis for the warrant. See Compl., Aff. of Christopher J. Durkin (Docket Item 1). As the affidavit and warrant are available and matters of record in this case, in the absence of specific arguments that no probable cause existed, the "procedural" argument fails. See 2 Wayne R. LaFave, Search and Seizure § 3.5(b) (4th ed. 2004) (even assuming that prosecution has burden of showing probable cause in such cases, "it is nonetheless appropriate to impose upon the defendant the burden of articulating . . . objections . . .").

193 (1st Cir. 1997) (under the fellow officer rule, "when a law enforcement officer with information amounting to probable cause [as is the case when an officer obtains a valid arrest warrant] directs an officer who lacks the knowledge to make the arrest, we 'impute' to the arresting officer the directing officer's knowledge"); 2 LaFave, <u>supra</u>, § 3.5(b) (the fellow officer rule applies to communications between federal and state law enforcement officers).   Therefore, suppression is not warranted because, unlike <u>Whiteley</u>, the arrest here was based on probable cause.

Alternatively, even if the initial arrest was somehow improper, there is no per se rule that all statements following illegal arrests must be suppressed. Instead, under <u>Brown v. Illinois</u>, 422 U.S. 590, 603-04 (1975), a court must consider the following factors in deciding whether to suppress such statements: (1) the "important factor" of whether <u>Miranda</u> warnings were given; (2) the "temporal proximity of the arrest and the confession"; (3) the "presence of intervening circumstances"; and (4) the "purpose and flagrancy of the official misconduct."   <u>See</u> <u>also</u> <u>United States v. Ayres</u>, 725 F.2d 806, 810 (1st Cir. 1984) (quoting <u>Brown</u> factors).   I have already determined that these statements were given voluntarily after proper <u>Miranda</u> warnings.   This "important" factor weighs against suppression.   As for temporal proximity, although neither Special Agent testified to the length of time that elapsed between the defendant's arrest by the

state trooper and his statements to the federal agents in the car, I conclude that it must have exceeded an hour and a half.[3]  This comparatively short time weighs somewhat in favor of suppression, see Brown, 422 U.S. at 604 (suppressing statement that was separated from illegal arrest by "less than two hours").  The third factor weighs against suppression.  Here, after Miranda warnings were given, the defendant volunteered information related to the case without interrogation, and "some courts have treated a volunteered statement, not made in response to police interrogation, as a significant intervening circumstance." 6 LaFave, supra, § 11.4(b); see also United States v. Paradis, 351 F.3d 21, 34 (1st Cir. 2003) (holding that "[a]fter receipt of the Miranda warnings, a defendant's choice whether to exercise his privilege to remain silent should ordinarily be viewed as an act of free will," which may attenuate the illegal conduct from the confession, in case involving illegal search, not arrest) (quoting United States v. Esquilin, 208 F.3d 315, 319 (1st Cir. 2000); quotation marks omitted).  Further, although there was no evidence of any intervening circumstances that might have occurred during the time the defendant was in the state trooper's custody, he was thereafter transferred to the custody of the Special Agents (change of custodial

---

[3] I base this inference on the minimum amount of time that it would have taken the Special Agents, after hearing of the arrest, to drive from Portland to the Lewiston-area highway off-ramp where they met the state trooper, plus an amount of time in order to transfer custody and get underway.  There was otherwise no evidence about how long the defendant was in the state trooper's custody.

*(continued on next page)*

officers, change of handcuffs, change of vehicles) and administered <u>Miranda</u> warnings. That was a significant intervening circumstance. <u>Cf.</u> <u>Johnson v. Louisiana</u>, 406 U.S. 356, 365 (1972) (when authority to detain the defendant was transferred from the illegally arresting officer to a magistrate judge, lineup occurring after such transfer "was conducted not by 'exploitation' of the challenged arrest but 'by means sufficiently distinguishable to be purged of the primary taint'") (quoting <u>Wong Sun v. United States</u>, 371 U.S. 471, 488 (1963)); <u>Holland v. McGinnis</u>, 963 F.2d 1044, 1050-51 (7th Cir. 1992) (transfer from custody of one police agency to another was a sufficient "break in the stream of events" to remove taint from new confession of earlier confession illegally obtained). As for the last factor, the defendant has not contended that the Special Agents or the state trooper had improper motives, or took him into custody illegally in order to elicit a confession; instead, the defendant concedes that probable cause existed to arrest him. Therefore, this factor weighs against suppression. Weighing these four factors together, I find that even if the defendant's underlying arrest had been illegal, the <u>Brown v. Illinois</u> factors counsel against suppression of the statements he volunteered after receiving <u>Miranda</u> warnings.

---

I therefore **DENY** the defendant's motion to suppress the April 21, 2004, statements.

**SO ORDERED.**

**DATED THIS 12TH DAY OF JULY, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

8